

2011 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2011

# USA v. Eugene Parker

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3376

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2011

Recommended Citation

"USA v. Eugene Parker" (2011). *2011 Decisions.* Paper 1722.
http://digitalcommons.law.villanova.edu/thirdcircuit_2011/1722

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2011 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3376
_____

UNITED STATES OF AMERICA

v.

EUGENE PARKER,
Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Crim. No. 05-00702-01)
District Judge: Hon. R. Barclay Surrick


Submitted Pursuant to Third Circuit LAR 34.1(a)
Monday, January 24, 2011

Before: McKEE, *Chief Judge*, SMITH, *Circuit Judge*,
and STEARNS,[*] *District Judge*

(Opinion Filed: March 1, 2011)

OPINION


McKEE, *Chief Judge*.

_____

[*] Honorable Richard G. Stearns, District Court Judge, United States District Court for the District of Massachusetts, sitting by designation.

Eugene Parker appeals the district court's order denying the habeas petition he filed pursuant to 28 U.S.C. § 2255 as time-barred. For the reasons that follow, we will reverse.

We write primarily for the parties and therefore need not recite the underlying facts or procedural history of this appeal except to note that Parker filed his petition on March 27, 2008, and the district court thereafter dismissed it as untimely. To its very substantial credit, the government now concedes that the petition was not time-barred, and that the Assistant U.S. Attorney erred in arguing that the petition was untimely. *See* Appellee's Br. at 10 ("[u]pon consideration of the matter, the government believes that its position before the district court was in error, and now agrees with Parker's view."). We agree. *See* 28 U.S.C. § 1254, and *Latham v.United States*, 527 F.3d 651 (7th Cir. 2008). As the government so candidly states: "there is no known precedent for the proposition that a criminal defendant who seeks voluntary dismissal of an appeal is foreclosed from filing a petition for certiorari challenging the dismissal." Appellee's Br. at 14.

Accordingly, we will vacate the order of the district court dismissing the Appellant's petition as untimely. In doing so, we note that the government's handling of this appeal is truly exemplary and in the best tradition of prosecutor as an officer of the court and the legal representative of all of the people of the United States, including those convicted of crimes.